REUBEN V. DUNKLEE *vs.* NETTIE L. HOOPER.

May Term, 1896.

Present: Ross, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

*Conditional Deed—Waiver—Evidence:*

The plaintiff conveyed the demanded premises to the defendant by a warranty deed conditioned for the plaintiff's support upon the premises during life, and both parties occupied under it. The title, therefore, vested in the defendant subject to be defeated by a breach of the condition and a claim of forfeiture.

Even if the defendant's conduct amounted to a breach of the condition, the plaintiff's voluntary return to the premises and acceptance of further support was a waiver of his right to claim a forfeiture.

A grantor who is receiving his support under a conditional deed is entitled to a reasonable time, according to the circumstances of the case, in which to take action with reference to a breach, and it is not every acceptance of service that will constitute a waiver as matter of law.

Evidence that the plaintiff had no place to which he could go if he left the defendant's, might have been admissible had it been limited to the time during which his removal was in contemplation,' but, not being so limited, was erroneously received, and as it cannot be said to have been harmless the judgment must be reversed.

EJECTMENT. Plea, the general issue. Trial by jury at the December Term, 1895, Windsor County, *Rowell,* J., presiding. Verdict and judgment for the plaintiff for possession and damages. The defendant excepted.

April 1, 1891, the plaintiff conveyed the premises to the defendant by a deed of warranty in common form but subject to the condition that the defendant should support the plaintiff during his life in the manner provided.

Alvah Dunklee, a son of and witness for the plaintiff, having testified on cross examination that his father remained at the defendant's receiving support from October, 1893, to August, 1894, was allowed to state on re-examination that "there was no other place where his father could have got

*5*

his daily food from October, 1893, until April 17th, 1895;" to which the defendant excepted.

*L. M. Read* and *W. W. Stickney* for the defendant.

The Alvah Dunklee evidence was inadmissible. Whether the plaintiff had or had not some other place to go to did not affect the legal rights or duties of the parties.

By remaining with the defendant and receiving his support from her the plaintiff waived his right of forfeiture if any existed, and no new cause arose near the time of his departure. *Norton's Adm'r* v. *Perkins,* 67 Vt. 212; *Hubbard* v. *Hubbard,* 97 Mass. 188.

*Gilbert A. Davis, W. E. Johnson* and *George L. Fletcher* for the plaintiff.

The Alvah Dunklee evidence was admissible as properly growing out of the cross examination.

MUNSON, J.  The title to the demanded premises vested in the defendant upon the receipt of her deed from the plaintiff, subject to be defeated by a breach of the condition contained in the deed and a claim of forfeiture by the grantor. The plaintiff took up his residence on the premises as provided for in the deed on the sixth day of April, 1891, and received his support there from that date until the seventeenth day of April, 1895, except during eleven weeks in the summer of 1893. He left the premises on the day last named, and immediately brought this suit.

We do not deem it necessary to consider the circumstances connected with the plaintiff's absence from the place in 1893. He returned to the premises and received his support there for a year and a half after this. There was no evidence tending to establish any fact that could relieve him from the consequences which the law attaches to this course of action. His voluntary return to the premises and acceptance of further support was a waiver of his right to claim a forfeiture for any breach which existed prior to his departure.

But there was evidence tending to show a failure to provide properly for the plaintiff during the winter of 1894–5. The plaintiff's brief refers to the breaches relied upon as having occurred shortly before he left.   The defendant claims that there was no evidence tending to show a breach immediately preceding the departure, and that the plaintiff's acceptance of support until then, without giving notice of his purpose to claim a forfeiture, was necessarily a waiver of the prior breaches.   But our view of the law applicable to the case is such that it is unnecessary to inquire whether the evidence brings the defendant's default down to the very day of the plaintiff's removal.   It is true as a general proposition that an acceptance of further performance of a condition will defeat the grantor's right to claim a forfeiture for a known prior breach.   It may be that when the condition provides only for the payment of money at stated intervals, or the doing of certain specific acts, the question of waiver can be disposed of as one of law.   But the situation is different, when the condition covers the continuous care and infinite variety of service which constitute the support of one as a member of the family.   We think that in cases of the latter class it cannot be said as matter of law that every acceptance of further service without notice is a waiver.   A grantor who is receiving his support under a conditional deed is entitled to a reasonable time to take action with reference to a breach, and what might be an unreasonable time in the case of one person might be entirely reasonable in the case of another.

This view might have disposed of the question raised as to the admissibility of evidence that the plaintiff had no place to which he could go if he left the defendant's, if it had been confined to the time during which his removal was in contemplation.   But we think evidence of this character covering the entire period from his return in 1893 to his final departure in 1895 was inadmissible.   It is clear that the plaintiff could not take his support for a year and a half,

and then say that his remaining did not amount to a waiver because he had no place to which he could go. It is only when this fact is brought into connection with other conditions that it becomes material. It was not admissible with reference to a time when the plaintiff had no thought of leaving, and was making no effort to find a place to go to. There was no evidence tending to show that the plaintiff contemplated leaving, or that anything looking to a removal was being done by him or any one in his behalf, until a few weeks before he left.

It may be suggested that if this evidence was admissible as to the last few weeks, its admission as to the whole period must have been harmless. But this is a case in which it is more than ordinarily difficult to feel sure that testimony of this character had no prejudicial effect. This evidence covered a long period regarding which accounts of the defendant's ill-treatment of the plaintiff were before the jury, and it was in substance that the plaintiff had no other place where he could have got his daily food unless he was taken by the town. The question is not whether this ought to have prejudiced the jury, but whether it may have done so. But we think it is quite probable from the manner in which the evidence was offered and received that it was prejudicial. The evidence was first introduced with reference to a period extending from the plaintiff's return in 1893 to August, 1894; and was offered, as shown by the frame of the question, to meet a statement of the witness previously made in cross-examination, that the plaintiff remained at the defendant's during that time receiving his support; and was admitted by the court as bearing upon the question of waiver. It does not appear how the case was finally submitted, for no exceptions were taken to the charge.

It is not necessary to pass upon the exception allowed to the answer which the court had said should not be taken.

*Judgment reversed and cause remanded.*